IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs. Case Nos.: 4:08cr19/MCR/CAS
4:16cv208/MCR/CAS

SHAWN FOOTMAN,

Defendant.

---

**REPORT AND RECOMMENDATION**

This matter is before the court upon Defendant Shawn Footman's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 69). Defendant did not submit a service copy of the motion. However, Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of Defendant's submission and the record, it is the opinion of the undersigned that Defendant's motion is without merit and it should be summarily dismissed.

**BACKGROUND and ANALYSIS**

On July 7, 2008, Defendant pleaded guilty to a single count of possession of a firearm by a convicted felon. (ECF Nos. 25–29, 50). A Pre-sentence Investigation Report ("PSR") was prepared for sentencing and has now been made part of the record. (*See* ECF No. 70). The PSR reflects that because Defendant was subject to an enhanced sentence under 18 U.S.C. § 924(e), he received a Chapter Four

enhancement, which raised his adjusted offense level from 28 to 34. (*See* ECF No. 70, PSR ¶ 22). With a total offense level of 31 and a criminal history category of VI, the applicable advisory guidelines range was 188 to 235 months. (*See* ECF No. 70). The court sentenced Defendant at the bottom of this range to a term of 188 months. (ECF Nos. 37, 38, 56). Defendant appealed, and appointed counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). (ECF No. 67). The Eleventh Circuit granted counsel's motion to withdraw and affirmed Footman's conviction and sentence on July 6, 2009.

Defendant filed nothing further until he filed the instant motion to vacate pursuant to 28 U.S.C. § 2255 in March of 2016. (ECF No. 69). In his motion, he contends that his sentence is unconstitutional under the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015). As noted above, Defendant received a chapter four enhancement pursuant to title 18 U.S.C. § 924(e), also known as the Armed Career Criminal Act ("ACCA"). This section provides that a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen year sentence. 18 U.S.C. § 924(e)(1). The statutory definition of a violent felony under ACCA is an offense that either "(i) has as en element the use, attempted use, or threatened use of physical force against the person of another or (ii) is burglary, arson, or extortion, involves the use of explosives *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(2)(B)(i) and (ii). On June 26, 2015, the Supreme Court invalidated the italicized language, known as the "residual clause," finding that it violates the Constitution's

guarantee of Due Process due to vagueness. Johnson, 135 S.Ct. at 2563. Since the Johnson decision, the court has received dozens of § 2255 motions from individuals like Defendant Footman who believe that they are entitled to re-sentencing.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. Over five years have elapsed since Footman's conviction became final. However, because this is Footman's first § 2255 motion, Johnson is retroactively applicable to his case, and his motion is timely filed. *See* Mays v. United States, Case 14-13477, 2016 WL 1211420, at *1 (11th Cir. Mar. 29, 2016) (holding that the Supreme Court's decision in Johnson is retroactively applicable to cases in the first post-conviction context); *see also* In re Rivero, 797 F.3d 968, 991 (11th Cir. 2015); 28 U.S.C. § 2255(f)(3).

The court next turns to the merits of Defendant's claim. Although Defendant's motion is devoid of relevant factual detail, the clear implication is that in light of the Supreme Court's invalidation of ACCA's residual clause, he believes his sentence to be illegal. Defendant claims for instance that "after a series of Supreme Court decisions there is a reasonable probability that some of Mr. Footman's state convictions do not qualify as ACCA predicates." (ECF No. 69 at 13, emphasis added). He does not identify the convictions that he believes no longer serve as ACCA predicates or whether without these offense he would have sufficient remaining convictions to support the application of the ACCA.

To qualify for an enhancement under the ACCA, a defendant must have three prior convictions for a violent felony or serious drug offense. After reviewing Footman's

PSR, the undersigned surmises that Footman may be suggesting that his 1991 conviction for robbery no longer qualifies as an ACCA predicate, even if the circumstances of the robbery in question were unquestionably violent, or that his 1993 convictions for "discharging a firearm in public" or carrying a concealed firearm would have been countable only under the residual clause. (ECF No. 70, PSR ¶¶ 27, 29). Regardless of whether this is true, Defendant has numerous prior drug convictions that still support the ACCA enhancement. A serious drug offense is defined in the ACCA as an offense under State law involving manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 924(e)(2)(A)(ii). Defendant Footman's prior drug convictions include: a 1990 conviction for possession of cocaine with intent to sell (PSR ¶ 26); a 1996 conviction for possession of cannabis with intent to sell (PSR ¶ 30); a 1997 conviction for possession with intent to sell or deliver cocaine and possession with intent to sell marijuana (PSR ¶ 31); a 2001 conviction for two counts of sale of cocaine (PSR ¶ 32); and two 2005 convictions for sale of cocaine and possession of cocaine with intent to sell or deliver (PSR ¶ 34). (*See also* ECF No. 70, PSR ¶16). These convictions amply support the application of the ACCA enhancement. Therefore, the Johnson decision affords Defendant no relief, and his motion should be summarily denied.

**Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (ECF No. 69) be summarily **DENIED**.

2. A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 12th day of April, 2016.

/s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.